4881-4170-9264

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCHANTS BANK OF INDIANA, | ) |
| Plaintiff, | ) Civil Action No. 24-cv-235-SPB |
| vs. | ) |
| PAEX LANDMARK SQUARE PA, LP, | ) |
| Defendant. | ) |
| | ) ELECTRONICALLY FILED |

**PETITION FOR APPOINTMENT OF A RECEIVER**

AND NOW comes Petitioner, Merchants Bank of Indiana ("Plaintiff" or "Merchants Bank"), by and through its undersigned counsel, hereby petitions for the Court to enter an Order Appointing Receiver, and in support thereof states as follows:

**Parties**

1.  Plaintiff has filed a Complaint to Foreclose on Mortgage ("Complaint") against Defendant Paex Landmark Square PA, LP ("Paex Landmark" or "Borrower"), pursuant to the terms of the Loan Agreements described further below. Borrower owns certain improved real property and personal property located at 923-929 Weschler Avenue, Erie, PA 16502, BEING identified as Erie County Tax Parcel #s 16030061012900 and 16030061012800; 1426 W. 10th Street, Erie, PA 16502, BEING identified as Erie County Parcel No. 16031003011800; 1024-1026 Weschler Avenue, Erie, PA 16502, BEING identified as Erie Parcel No. 16031002020000; Weschler Avenue, Erie, PA 16502, BEING identified as Erie Parcel No. 16031002030000; W. 10th Street, Erie, PA 16502, BEING identified as Erie Parcel No. 16031002040000; W. 11th Street, Erie, PA 16502, BEING identified as Erie Parcel No. 16031002050000; Abbey Lane, Erie, PA

16502, BEING identified as Erie Parcel No. 16031004010600; 1424 W. 10th Street, Erie, PA 16502, BEING identified as Erie Parcel No. 16031003011900, as more fully described on Exhibit "1".

### The Loan – Facility A

2. On or about September 2, 2022, Merchants Bank made a loan to Paex Landmark in the original principal amount of $10,736,000.00 ("Facility A Loan", and together will all amounts due and owing under the Facility A Note (defined in Paragraph 6 below) and related documents, shall be collectively referred to as the "Facility A Debt").

3. Paex Landmark executed and delivered to Merchants Bank a *Promissory Note (Facility A)* in favor of Merchants Bank dated September 2, 2022, in the original principal amount of $10,736,000.00 (the "Facility A Note"). A true and exact copy of the Facility A Note is attached hereto as Exhibit "2" and incorporated by reference herein.

4. Paex Landmark executed and delivered to Merchants Bank a *Loan Agreement (Facility A)* in favor of Merchants Bank dated September 2, 2022 (the "Facility A Loan Agreement"). A true and exact copy of the Facility A Loan Agreement is hereto as Exhibit "3" and incorporated by reference herein.

5. Merchants Bank is the current holder of the Facility A Note.

6. As security for the Note, Paex Landmark executed a *Mortgage, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing (Facility A)* dated September 2, 2022, and recorded on September 8, 2022, in the Department of Real Estate of Erie County at Instrument No. 2022-019674 (the "Mortgage – Facility A"). A true and exact copy of the Mortgage – Facility A is attached hereto as Exhibit "4" and incorporated by reference herein.

7. On or about September 2, 2022, Paex Landmark also executed an *Assignment of Leases and Rents* ("Assignment – Facility A"), assigning all leases, subleases and agreements for leasing, use or occupancy of the premises to Merchants Bank. A true and exact copy of the Assignment – Facility A is attached hereto as Exhibit "5" and incorporated by reference herein.

**The Loan – Facility B**

8. On or about September 2, 2022, Merchants Bank made a second loan to Paex Landmark in the original principal amount of $1,764,000.00 ("Facility B Loan" and together will all amounts due and owing under the Facility B Note (defined in paragraph 13 below) and related documents, shall be collectively referred to as the "Facility B Debt").

9. Paex Landmark executed and delivered to Merchants Bank a *Promissory Note (Facility B)* in favor of Merchants Bank dated as of September 2, 2022, in the original principal amount of $1,764,000.00 (the "Facility B Note"). A true and exact copy of the Facility B Note is hereto as Exhibit "6" and incorporated by reference herein.

10. Paex Landmark executed and delivered to Merchants Bank *a Loan Agreement (Facility B)* in favor of Merchants Bank dated September 2, 2022 (the "Facility B Loan Agreement"). A true and exact copy of the Facility B Loan Agreement is hereto as Exhibit "7" and incorporated by reference herein.

11. Merchants Bank is the current holder of the Facility B Note.

12. As security for the Facility B Note, Paex Landmark executed an *Open-End Mortgage, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing (Facility B)* dated September 2, 2022, and recorded on September 8, 2022, in the Department of Real Estate of Erie County at Instrument No. 2022-019677 (the "Mortgage –

Facility B"). A true and exact copy of the Mortgage – Facility B is attached hereto as Exhibit "8" and incorporated by reference herein.

13. On or about September 2, 2022, Paex Landmark also executed an *Assignment of Leases and Rents* ("Assignment – Facility B"), assigning all leases, subleases and agreements for leasing, use or occupancy of the premises to Merchants Bank. A true and exact copy of the Assignment – Facility B is attached hereto as Exhibit "9" and incorporated by reference herein.

## The Collateral Pledged as Security for the Loan

14. The security interest in the personal property granted by the Mortgage – Facility A was perfected by the filing of the following UCC-1 Financing Statements, relative to Facility A:

    a. a UCC-1 Financing Statement filed on September 8, 2022, with the Pennsylvania Department of State, UCC Filing Section as File No. 2022090900094.

    b. a UCC-1 Financing Statement filed in the Erie County Department of Real Estate on September 8, 2022, at Instrument No. 2022-019676.

(collectively, the "Financing Statements – Facility A"). A true and exact copy of the Financing Statements – Facility A are attached hereto as Exhibit "10" and incorporated by reference herein. (The Facility A Note, the Facility A Loan Agreement, the Mortgage – Facility A, the Assignment – Facility A, the Financing Statements – Facility A, and all other documents executed in connection with the Facility A Loan are hereinafter collectively referred to as the "Loan Documents – Facility A").

15. The security interest in the personal property granted by the Mortgage – Facility B was perfected by the filing of the following UCC-1 Financing Statements, relative to Facility B;

    a. a UCC-1 Financing Statement filed on September 8, 2022, with the Pennsylvania Department of State, UCC Filing Section as File No. 2022090900096.

    b. a UCC-1 Financing Statement filed in the Erie County Department of Real Estate on September 8, 2022, at Instrument No. 2022-019679.

(collectively, the "Financing Statements – Facility B"). A true and exact copy of the Financing Statements – Facility B are attached hereto as Exhibit "11" and incorporated by reference herein. (The Facility B Note, the Facility B Loan Agreement, the Mortgage – Facility B, the Assignment – Facility B and the Financing Statements – Facility B, and all other documents executed in connection with the Facility B Loan are hereinafter collectively referred to as the "Loan Documents - Facility B").

16. Pursuant to the Mortgages, Plaintiff holds a first-priority lien on certain real property located in Erie County, Pennsylvania, more fully described on Exhibit 1 (the "Real Property").

17. The Mortgages and the Financing Statements also grant a valid and enforceable first priority lien on, among other things, all personal property and fixtures used on or in connection with the Real Property, as more particularly described in the Loan Documents (collectively, the "Personal Property and Fixtures").

18. Pursuant to 13 Pa.C.S.A. § 9604 the Plaintiff elects to proceed as to the Real Property, Personal Property and Fixtures (collectively, the "Property") in accordance with the rights and remedies available under the Loan Documents.

### Interests of the Parties

19. Merchants Bank is the holder of the Facility A Note and the Facility B Note (the "Notes") and mortgagee and secured creditor under the Loan Documents with respect to the Property.

20. Paex Landmark is the fee owner of the Real Property and the owner of the Personal Property and Fixtures.

**Defaults**

21. Various events of default have occurred under the Facility A Loan, the Facility B Loan and Loan Documents, including but not limited to the failure of Paex Landmark to make timely payments when due in particular by failing to make the payment due and owing on March 10, 2024 and each month thereafter (the "Default").

22. By reason of the foregoing defaults and pursuant to the provisions of the Loan Documents: (i) on or about May 10, 2024, Merchants Bank delivered a written notice of default to Paex Landmark with respect to the Default, declaring the existence of the Default and terminating Paex Landmark's revocable license to collect rents payable by tenants or occupants occupying the Real Property (the "Default Notice"). A true and exact copy of the Default Notice is attached hereto as Exhibit "12" and incorporated by reference herein.

23. The amount of the debt (exclusive of attorneys' fees and costs which have not yet posted to the Paex Landmark's account) due and payable as of August 5, 2024, was $11,637,794.80 (the "Debt"). An itemized statement of the Debt is attached hereto as Exhibit "13" and incorporated by reference herein.

24. Pursuant to the terms of the Loan Documents, Merchants Bank also seeks recovery of all costs, fees and expenses incurred in this action.

25. Paex Landmark is in default of the Loan Documents, as a result of which the entire unpaid principal balance, interest, late fees, attorneys' fees and costs, and all other sums due are collectible forthwith.

26. As a result of Paex Landmark's default, as well as its mismanagement of the Real Estate, Merchants Bank is also entitled to the immediate appointment of a receiver.

27. As of August 5, 2024, in addition to other charges presently not calculated, Paex Landmark was obligated to Merchants Bank under the Loan Documents, as follows:

| | |
|---|---:|
| Principal balance | $11,000,000.00 |
| Interest | $479,884.17 |
| Default Interest | $163,777.78 |
| Late fees | $44,336.13 |
| Exit Fee | $124,960.00 |
| Payoff Processing Fee | $1,200.00 |
| Subtotal | $11,814,158.08 |
| **RESERVE BALANCES** | |
| Repair Reserve | $71,754.67 |
| Replacement Reserve | $36,346.69 |
| Tax Escrow | $68,261.92 |
| Total Escrow/Reserves: | $176,368.28 |
| **TOTAL DUE** | **$11,637,794.80** |

Interest accrues at the rate of $2,633.00 per diem, with additional default interest accruing at the rate of $1,192.89 per diem.

28. All notices and demands have been made in accordance with the terms of the Loan Documents.

29. Plaintiff has filed a Complaint against Borrowers in the United States District Court for the Western District of Pennsylvania seeking to foreclose the lien created by the Loan Documents on the Property in this instance action.

30. Section 13(1)(e) of the Loan Agreements provide Plaintiff with the right following an Event of Default to "seek the appointment of a receiver to take possession of the Project and to operate the Project." See **Exhibit "2", §13(1)(e); Exhibit "7", §13(1)(e)**.

31. The appointment of a receiver is not an extraordinary remedy; it is simply a remedy agreed to by contract, which is routinely enforced by courts and should be enforced in this instance.

32. As a result of Borrower's default, as well as its mismanagement of the Property, Plaintiff is should be entitled to the immediate appointment of a receiver.

33. Borrower has failed to maintain the property, as evidenced by Borrower's failure to date to make: (i) immediate repairs in the amount of $147,000.000; and (ii) reserve repairs in the amount of $617,130.00, as identified in the property condition report prepared on July 26, 2022, in contemplation of the Facility A Loan and Facility B Loan (collectively, the "Loans")

34. No notice is required in connection with the appointment of a receiver.

35. A copy of the Proposal to Provide Special Asset Solutions on behalf of Martin Perry, CCIM of Newmark Group, Inc. ("Receiver Proposal") is attached hereto as Exhibit "14" and incorporated by reference herein.

36. The appointment of a receiver is necessary to protect and preserve the Property.[1]

---

[1] A receiver is further needed to protect against fraud and preserve the Property. On June 17, 2024, the United States Department of Justice reported that Aron Puretz ("Mr. Puretz") "pleaded guilty today to engaging in an extensive, multi-year conspiracy to fraudulently obtain over $54.7 million in loans and to fraudulently acquire multifamily and commercial properties." United States Attorney's Office, District of New Jersey, "Real Estate Investor Pleads Guilty to $54.7M Mortgage Fraud Conspiracy" (June 17, 2024) *available at* https://www.justice.gov/usao-nj/pr/real-estate-investor-pleads-guilty-547m-mortgage-fraud-conspiracy (last visited October 30, 2024).

Mr. Puretz is a Member of Paex Landmark who executed the Loan Documents on behalf of the Borrower. Mr. Puretz also executed personal guaranties for the Loans.

Mr. Puretz is alleged to have been responsible for code violations and creating dismal living conditions at multifamily properties around the country. The Public Interest Law Center, "Update: Tenants at Brith Sholom House apartments hold press conference after key building investor pleads guilty to mortgage fraud conspiracy" (June 20, 2024) *available at* https://pubintlaw.org/cases-and-projects/tenants-at-brith-sholom-house-apartments-to-hold-press-conference-after-key-building-investor-aron-puretz-pleads-guilty-to-mortgage-fraud-conspiracy/ (last visited October 30, 2024).

The Receiver Proposal documents concerning tenant complaints and reviews regarding the Property. *See* Ex. 14, p. 12.

WHEREFORE, Plaintiff requests this Honorable Court to enter the Order Appointing Receiver for the Property filed contemporaneously with this Petition.

Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP

*/s/ Jason M. Yarbrough*
Robert E. Dauer, Jr.
PA I.D. 61699
Jason M. Yarbrough
PA I.D. 93160
Firm No. 199
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: (412) 456-2800

Attorneys for Merchants Bank of Indiana

Dated: October 30, 2024

4881-4170-9264

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within PETITION FOR APPOINTMENT OF RECEIVER shall be served via hand-delivery via process server, upon the following as addressed:

PAEX LANDMARK SQUARE PA LP
c/o Aron Puretz
10 Hill Street, Suite 1E
Newark, NJ 07102

Date: October 30, 2024

*/s/ Jason M. Yarbrough*
Robert E. Dauer, Jr.
Jason M. Yarbrough

ATTORNEYS FOR PLAINTIFF

4881-4170-9264, v. 1