IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCHANTS BANK OF INDIANA, ) | |
|     Plaintiff ) | C.A. No. 24-235 Erie |
| ) | |
| v. ) | District Judge Susan Paradise Baxter |
| ) | |
| PAEX LANDMARK SQUARE PA, LP, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

#### A.  Relevant Procedural and Factual History

This mortgage foreclosure action was initiated by Plaintiff Merchants Bank of Indiana on August 27, 2024, to foreclose on various parcels of real property ("collectively referred to as "Subject Property") owned by Defendant Paex Landmark Square PA, LP, in Erie, Pennsylvania, located at: 923-929 Weschler Avenue, Erie, PA 16502, being identified as Erie County Tax Parcel Nos. 16030061012900 and 16030061012800; 1426 West 10th Street, Erie, PA 16502, being identified as Erie County Tax Parcel No. 1603100011800; 1024-1026 Weschler Avenue, Erie, PA 16502, being identified as Erie County Tax Parcel No. 16031002020000; Weschler Avenue, Erie, PA 16502, being identified as Erie County Tax Parcel No. 16031002030000; West Tenth Street, Erie, PA 16502, being identified as Erie County Tax Parcel No. 16031002040000; West 11th Street, Erie, PA 16502, being identified as Erie County Tax Parcel No. 10031002050000; Abbey Lane, Erie, PA 16502, being identified as Erie County Tax Parcel No. 16031004010600; and 1424 West 10th Street, Erie, PA 16502, being identified as Erie County

Tax Parcel No. 16031003011900, all as more particularly described in Exhibit 11 attached to Plaintiff's complaint [ECF No. 1-11].

The Subject Property, along with all personal property and fixtures used on or in connection with the Subject Property, is subject to two mortgages in favor of Plaintiff that secure two loans that Plaintiff made to Defendant on September 2, 2022: the first loan was in the original principal amount of $ 10,736,000.00, and the second was in the original principal amount of 1,764,000.00. Defendant defaulted on the loans by failing to make the monthly payments due and owing on March 10, 2024 and every month thereafter. As a result, the instant mortgage foreclosure action ensued.

The complaint was served upon Defendant on November 20, 2024; however, Defendant has failed to file a response. As a result, Plaintiff requested entry of default against Defendant on January 2, 2025 [ECF No. 10], and the Clerk subsequently entered default against Defendant on January 6, 2025 [ECF No. 11].

Presently pending before the Court is Plaintiff's motion for default judgment against Defendant [ECF No. 12], which was filed on February 6, 2025. To date, no response to Plaintiff's motion has been filed by Defendant and no attorney has filed an appearance on Defendant's behalf.

**B.    Standard of Review**

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. The entry of default by the Clerk, however, does not automatically entitle the non-defaulting party to a default judgment. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 437 (E.D.Pa. 2006). Rather, the entry of default judgment is a matter within

the sound discretion of the district court. Hritz, 732 F.2d at 1180. The Third Circuit has enumerated three factors that govern a district court's determination as to whether a default judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." Mount Nittany Medical Center v. Nittany Urgent Care, P.C., 2011 WL 5869812, at *1 (M.D.Pa. Nov. 22, 2011), citing Anchorage Assocs. V. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990).

## II. DISCUSSION

Here, all three of the foregoing factors weigh in favor of granting default judgment against Defendant. At this time, Defendant has been in default for, at least, four months and there is every reason to believe that such default will continue for the foreseeable future. Thus, if default judgment is denied, Plaintiff will be prejudiced by its inability to effectively enforce its foreclosure rights against responsible parties for an indeterminable period of time simply because those parties choose to avoid responding to the complaint or to otherwise defend themselves. As to the second and third factors, because Defendant has failed to participate in this litigation in any way, the Court cannot speculate as to whether it has a litigable defense or whether its default is due to culpable conduct. Thus, entry of default judgment against Defendant is appropriate. See, e.g., Broadway Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd., 555 F.Supp.2d 537,

542 (E.D.Pa. 2008) (entering default judgment where there was "nothing in the record to suggest that defendants have a litigable defense as to liability," and where defendants' decision not to defend against a complaint's allegations was found to be grounds for concluding that default was culpable); Mount Nittany, 2011 WL 5869812, at *1.

Because Plaintiff has shown that it is entitled to a default judgment, Defendant is deemed to have admitted "all well-pleaded allegations in the complaint," including the validity of the mortgage debt that is claimed to be due, and the propriety of these assessments and the demands for their payment. Comodyne I, Inc. v. Corbin, Jr., 908 F.2d 1142, 1149 (3d Cir. 1999), citing C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 444 (2d ed. 1983).

According to Plaintiff's motion for default judgment, the total principal, fees, and interest due on the mortgage was $ 11,637,794.80 as of August 5, 2024, plus interest accruing from said date at the rate of $ 2,633.00 per diem, plus additional default interest from said date accruing at the rate of $ 1,192.89 per diem, plus reasonable attorneys' fees, collection costs, and costs of preserving and maintaining the Subject Property. These assessments are entitled to a presumption of correctness, which Defendant has not rebutted. United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002), citing, *inter alia*, Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971); United States v. Taylor, 757 Fed. Appx. 194, 196 (3d Cir. 2018). Thus, default judgment will be entered accordingly.

An appropriate Order follows.